**Eren KRAJA, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–4022–AG.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Eren Kraja, Whitestone, New York, for Petitioner, pro se.

Gregory F. Van Tatenhove, United States Attorney for the Eastern District of Kentucky (on the brief), Marianna Jackson–Clay, Assistant United States Attorney, Lexington, Kentucky, for Respondent, of counsel.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Eren Kraja, a native and citizen of Albania, has filed a timely petition for review of a June 29, 2004 decision by the BIA. The BIA decision affirmed the January 2003 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture. We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented in the petition for review, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the IJ's opinion, this Court reviews the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287–90 (2d Cir.2000).

■ Substantial evidence supports the IJ's determination that Kraja has not been subjected to past persecution as Kraja failed to establish that he suffered or was harmed based on a protected statutory ground. *See Ivanishvili v. U.S. Dept. of Justice*, 433 F.3d 332, 340–41 (2d Cir.2006) ("[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground."). The first incident occurred before Kraja joined any political party, and we agree with the IJ that Kraja's testimony with respect to the latter two incidents was so spare that it "raised questions as to whether" they

even occurred. *See, e.g., Guan Shan Liao v. U.S. Dept. of Justice,* 293 F.3d 61, 70 (2d Cir.2002). Because Kraja failed to establish that he suffered harm as a result of his political opinions or association, and because the IJ properly concluded that much of the documentary evidence submitted by Kraja was questionable, we agree that Kraja failed to establish that he was previously persecuted in Albania.

█ Substantial evidence also supports the IJ's finding that Kraja failed to establish a well-founded fear of future persecution. As explained above, Kraja has failed to demonstrate that he has been subjected to past persecution, and therefore he does not enjoy a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). In light of this limitation, the IJ concluded that Kraja failed to present specifically detailed and sufficient evidence to establish that anyone in his country was interested in arresting, detaining, or harming him on the basis of a protected ground. The IJ further concluded that, due to the questionable authenticity of several documents submitted into evidence, Kraja failed to even establish his membership in the organizations to which he claimed to have belonged. Because the record supports each of these findings, and because "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), we conclude that the IJ's findings were supported by substantial evidence.

█ Because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003). Moreover, Kraja has failed to present any factual or legal arguments

in his appellate brief as to why he is entitled to CAT relief. Accordingly, his CAT claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Finally, we deny Kraja's challenge to the BIA's streamlining procedures. Pursuant to 8 C.F.R. § 1003.1(e), a single member of the BIA may affirm the IJ without opinion, or "streamline" the case, when the board member determines that: (1) the result reached in the decision was correct or that any errors in the decision were immaterial and harmless; and either (2) the issues on appeal are "squarely controlled" by existing precedent and do not involve the application of precedent to a novel set of facts; or (3) the issues raised on appeal "are not so substantial that the case warrants the issuance of a written opinion." 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B). This Court has determined that the BIA's streamlining procedures do not facially violate due process, *see Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–57 (2d Cir.2004), and Kraja does not contend that the streamlining procedures were unconstitutional as applied to the facts of his case.

The petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).